REDMANN, Judge
(dissenting in part).
In my opinion the trial judge has no authority to suspend a punitive sentence for contempt. The result of his effort is to threaten appellant with an inescapable 355 days (plus as much as a year more) on the next violation. This is not punishment for past contempt, but an illegitimate coercion against future noncompliance: utterly lacking in the fundamental characteristic of coercive imprisonment that the contemnor may release himself by compliance at any time. See 17 Am.Jur.2d Contempt § 111.
LSA-R.S. 13:4611 (A) (2) permits only imprisonment, and not threats of future imprisonment; and § 4611(A) (3) only allows coercive imprisonment where the act *408 is yet within the power of the offender to perform.
The serious offense here is rather against society than against the dignity of the court; as a contempt, it is no worse than an enjoined spouse disposing of community property. But as an offense against society, the unlicensed practice of medicine is punishable by not more than 90 days in prison, LSA-R.S. 37:1289. The trial judge recognized that ten days actual imprisonment for this contempt was proportionate.
Insofar as it imposes a suspended sentence of 355 days (in addition to ten days actual imprisonment) the judgment is beyond the trial judge’s discretion and authority, and should be to that extent reversed.